| | | |
|---|---|---|
| **CRYSTAL GOUGIS**, | ) | **CIVIL ACTION NO. 2:23-cv-05089** |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **JUDGE BARRY W. ASHE** |
| | ) | |
| | ) | **MAGISTRATE JUDGE JANIS VAN** |
| **SHELL OIL COMPANY,** | ) | **MEERVELD** |
| | ) | |
| | ) | |
| *Defendant.* | ) | **JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Equilon Enterprises LLC ("Equilon"), which is Plaintiff's employer and an affiliate of the global energy company commonly known as "Shell," submits this Answer and Affirmative Defenses to Plaintiff's Complaint (R. Doc. 1). The named defendant in this matter, Shell Oil Company, has never been Plaintiff's employer and is not a proper defendant in this action. Equilon answers the Complaint as the sole proper defendant, and Plaintiff should voluntarily dismiss Shell Oil Company from this matter.

### ANSWER TO COMPLAINT

Equilon answers the allegations of the Complaint, paragraph by paragraph, as follows:

### INTRODUCTION

1.

With regard to the allegations of Paragraph 1 of the Complaint, Equilon denies that it engaged in any unlawful employment practices and denies any liability to Plaintiff under any cause

of action. Equilon denies that it violated the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d), et seq. ("EPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"); Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the Lilly Ledbetter Fair Pay Act of 2009; Equilon also denies that it violated 42 U.S.C. §§ 2000e et seq. or 42 U.S.C. §§ 1981 et seq. ("Title VII") and denies any other alleged violation.

## JURISDICTION AND VENUE

### 2.

With regard to the allegations of Paragraph 2 of the Complaint, Equilon admits that this court has subject matter jurisdiction over Plaintiff's claims in this action. Equilon otherwise denies the allegations in Paragraph 2 of the Complaint.

### 3.

With regard to the allegations of Paragraph 3 of the Complaint, Equilon admits that it is an employer for purposes of Title VII. Shell Oil Company was not Plaintiff's employer and is not a proper defendant in this action.

### 4.

With regard to the allegations of Paragraph 4 of the Complaint, Equilon admits that it is doing business in the State of Louisiana. The remaining allegations of Paragraph 4 of the Complaint are denied.

### 5.

With regard to the allegations of Paragraph 5 of the Complaint, Equilon admits that this Court is a proper venue for this action. The remaining allegations of Paragraph 5 of the Complaint are denied.

## PARTIES

### 6.

With regard to the allegations of Paragraph 6 of the Complaint, Equilon admits that Plaintiff is an African American female who is an "employee" of the company. The remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

### 7.

With regard to the allegations of Paragraph 7 of the Complaint, Equilon admits that it is an employer and a manufacturer of chemicals. The remaining allegations of Paragraph 7 are denied.

### 8.

The allegations of Paragraph 8 of the Complaint are denied.

### 9.

Equilon admits it operates a plant at the Shell Norco Energy Park located in Norco, Louisiana, at 15536 River Road, 70079. The allegations of Paragraph 9 of the Complaint are otherwise denied.

### 10.

Equilon admits that Plaintiff was hired on June 11, 2012 as Operator at the Norco facility. The remaining allegations of Paragraph 10 of the Complaint are denied.

### 11.

The allegations of Paragraph 11 are denied.

### 12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied.

17.

The allegations of Paragraph 17 of the Complaint are denied.

18.

The allegations of Paragraph 18 of the Complaint are denied.

19.

The allegations of Paragraph 19 of the Complaint are denied. Any such email is the best evidence of its contents.

20.

The allegations of Paragraph 20 of the Complaint are denied.

21.

The allegations of Paragraph 21 of the Complaint are denied.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

The allegations of Paragraph 23 of the Complaint are denied.

24.

The allegations of Paragraph 24 of the Complaint are denied.

25.

The allegations of Paragraph 25 of the Complaint are denied.

26.

The allegations of Paragraph 26 of the Complaint are denied.

27.

The allegations of Paragraph 27 of the Complaint are denied.

28.

The allegations of Paragraph 28 of the Complaint are denied.

29.

Equilon admits that Plaintiff's time was adjusted and she received her full pay for the 12-hour shift referenced in this paragraph. The remaining allegations of Paragraph 29 of the Complaint are denied.

30.

The allegations of Paragraph 30 of the Complaint are denied.

31.

The allegations of Paragraph 31 of the Complaint are denied. Any such email is the best evidence of its contents.

32.

The allegations of Paragraph 32 of the Complaint are denied.

33.

The allegations of Paragraph 33 of the Complaint are denied.

34.

The written evaluation document is the best and only proof of its contents.  The allegations of Paragraph 34 of the Complaint are otherwise denied.

35.

The allegations of Paragraph 35 of the Complaint are denied.  Plaintiff's terms of employment and compensation are governed by the applicable collective bargaining agreement.

36.

With regard to the allegations of Paragraph 36 of the Complaint, Equilon admits that Mr. Smith is an African American male who supervised Plaintiff.  The remaining allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 of the Complaint are denied.

38.

The allegations of Paragraph 38 of the Complaint are denied.

39.

The allegations of Paragraph 39 of the Complaint are denied.

40.

The allegations of Paragraph 40 of the Complaint are denied.

41.

The allegations of Paragraph 41 of the Complaint are denied.

42.

The allegations of Paragraph 42 of the Complaint are denied. Equilon specifically denies any discrimination with respect to Plaintiff's employment.

43.

The allegations of Paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 44 of the Complaint are denied.

45.

The allegations of Paragraph 45 of the Complaint are denied.

46.

The allegations of Paragraph 46 of the Complaint are denied.

47.

The allegations of Paragraph 47 of the Complaint are denied.

48.

The allegations of Paragraph 48 of the Complaint are denied.

49.

The allegations of Paragraph 49 of the Complaint are denied.

50.

The allegations of Paragraph 50 of the Complaint are denied.

51.

The allegations of Paragraph 51 of the Complaint are denied.

52.

The allegations of Paragraph 52 of the Complaint are denied.

53.

The allegations of Paragraph 53 of the Complaint are denied. Equilon specifically denies any discrimination with respect to Plaintiff's employment.

54.

The allegations of Paragraph 54 of the Complaint are denied.

55.

The allegations of Paragraph 55 of the Complaint are denied.

56.

The allegations of Paragraph 56 of the Complaint are denied.

57.

The allegations of Paragraph 57 of the Complaint are denied.

58.

The allegations of Paragraph 58 of the Complaint are denied.

59.

The allegations of Paragraph 59 of the Complaint are denied.

60.

The allegations of Paragraph 60 of the Complaint are denied.

61.

The allegations of Paragraph 61 of the Complaint are denied.

62.

The allegations of Paragraph 62 of the Complaint are denied.

63.

The allegations of Paragraph 63 of the Complaint are denied.

64.

The allegations of Paragraph 64 of the Complaint are denied.

65.

The allegations of Paragraph 65 of the Complaint are denied.

66.

The allegations of Paragraph 66 of the Complaint are denied.

67.

The allegations of Paragraph 67 of the Complaint are denied.

68.

The allegations of Paragraph 68 of the Complaint are denied.

69.

The allegations of Paragraph 69 of the Complaint are denied.

70.

The allegations of Paragraph 70 of the Complaint are denied.

71.

The allegations of Paragraph 71 of the Complaint are denied.

72.

The allegations of Paragraph 72 of the Complaint are denied.

73.

The allegations of Paragraph 73 of the Complaint are denied.

74.

The allegations of Paragraph 74 of the Complaint are denied.

75.

The allegations of Paragraph 75 of the Complaint are denied.

76.

The allegations of Paragraph 76 of the Complaint are denied.

77.

The allegations of Paragraph 77 of the Complaint are denied. Any such email is the best evidence of its contents.

78.

The allegations of Paragraph 78 of the Complaint are denied.

79.

The allegations of Paragraph 79 of the Complaint are denied.

80.

The allegations of Paragraph 80 of the Complaint are denied.

81.

The allegations of Paragraph 81 of the Complaint are denied.  Any such email is the best evidence of its contents.

82.

The allegations of Paragraph 82 of the Complaint are denied.

83.

The allegations of Paragraph 83 of the Complaint are denied.

84.

The allegations of Paragraph 84 of the Complaint are denied.

85.

The allegations of Paragraph 85 of the Complaint are denied.

86.

The allegations of Paragraph 86 of the Complaint are denied.

87.

The allegations of Paragraph 87 of the Complaint are denied for lack of sufficient information to justify a belief therein.

88.

The allegations of Paragraph 88 of the Complaint are denied.

89.

The allegations of Paragraph 89 of the Complaint are denied.

90.

The allegations of Paragraph 90 of the Complaint are denied.

91.

The allegations of Paragraph 91 of the Complaint are denied.

92.

The allegations of Paragraph 92 of the Complaint are denied.

93.

Equilon admits Plaintiff filed a charge with the United States Equal Employment Opportunity Commission. The remaining allegations of Paragraph 93 of the Complaint are denied for lack of information sufficient to justify a belief therein.

94.

Equilon admits that Alexa Kozyrski was assigned to investigate claims made by Plaintiff but denies the remaining allegations of Paragraph 94 of the Complaint for lack of information sufficient to justify a belief therein.

95.

The allegations of Paragraph 95 of the Complaint are denied.  Any such email is best evidence of its contents.

96.

The allegations of Paragraph 96 of the Complaint are denied.

97.

The allegations of Paragraph 97 of the Complaint are denied.

98.

The allegations of Paragraph 98 of the Complaint are denied.

99.

The allegations of Paragraph 99 of the Complaint are denied for lack of sufficient information to justify a belief therein.

100.

The allegations of Paragraph 100 of the Complaint are denied for lack of sufficient information to justify a belief therein.

101.

The allegations of Paragraph 101 of the Complaint are denied for lack of sufficient information to justify a belief therein.

102.

The allegations of Paragraph 102 of the Complaint are denied for lack of sufficient information to justify a belief therein.

### 103.

Equilon admits that a meeting was held with Plaintiff on July 24, 2023. The allegations of Paragraph 103 of the Complaint are otherwise denied.

## CAUSES OF ACTION

### 104.

Equilon repeats, re-alleges, and incorporates by reference its responses contained in the preceding and subsequent paragraphs as though set forth herein.

### 105.

The allegations of Paragraph 105 of the Complaint are denied.

### 106.

The allegations of Paragraph 106 of the Complaint are denied.

### 107.

The allegations of Paragraph 107 of the Complaint are denied.

### 108.

The allegations of Paragraph 108 of the Complaint are denied.

### 109.

The allegations of Paragraph 109 of the Complaint are denied.

### 110.

Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

111.

Equilon repeats, re-alleges, and incorporates by reference its responses contained in the preceding and subsequent paragraphs as though set forth herein.

112.

With regard to the allegations of Paragraph 112 of the Complaint, Equilon admits that Plaintiff is a member of a protected class under Title VII. The remaining allegations of Paragraph 112 of the Complaint are denied.

113.

The allegations of Paragraph 113 of the Complaint are denied.

114.

The allegations of Paragraph 114 of the Complaint are denied.

115.

Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

116.

Equilon repeats, re-alleges, and incorporates by reference its responses contained in the preceding and subsequent paragraphs as though set forth herein.

117.

The allegations of Paragraph 117 of the Complaint are denied.

118.

The allegations of Paragraph 118 of the Complaint are denied.

119.

The allegations of Paragraph 119 of the Complaint are denied.

120.

The allegations of Paragraph 120 of the Complaint are denied.

121.

The allegations of Paragraph 121 of the Complaint are denied.

122.

The allegations of Paragraph 122 of the Complaint are denied. Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

123.

The allegations of Paragraph 123 of the Complaint are denied.

124.

Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

125.

Equilon repeats, re-alleges, and incorporates by reference its responses contained in the preceding and subsequent paragraphs as though set forth herein.

126.

The allegations of Paragraph 126 of the Complaint are denied.

127.

The allegations of Paragraph 127 of the Complaint are denied.

128.

The allegations of Paragraph 128 of the Complaint are denied.

129.

The allegations of Paragraph 129 of the Complaint are denied.

130.

Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

131.

Equilon repeats, re-alleges, and incorporates by reference its responses contained in the preceding and subsequent paragraphs as though set forth herein.

132.

Equilon admits Plaintiff is a member of a protected class for purposes of Title VII. The allegations of Paragraph 132 of the Complaint are otherwise denied.

133.

The allegations of Paragraph 133 of the Complaint are denied.

134.

The allegations of Paragraph 134 of the Complaint are denied.

135.

The allegations of Paragraph 135 of the Complaint are denied.

136.

The allegations of Paragraph 136 of the Complaint are denied.

137.

Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

138.

Equilon repeats, re-alleges, and incorporates by reference its responses contained in the preceding and subsequent paragraphs as though set forth herein.

139.

The allegations of Paragraph 139 of the Complaint are denied.

140.

The allegations of Paragraph 140 of the Complaint are denied.

141.

With regard to the allegations of Paragraph 141 of the Complaint, Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

142.

Equilon repeats, re-alleges, and incorporates by reference its responses contained in the preceding and subsequent paragraphs as though set forth herein.

143.

The allegations of Paragraph 143 of the Complaint are denied.

144.

The allegations of Paragraph 144 of the Complaint are denied.

145.

Equilon specifically denies that there is any factual basis or legal basis for the relief requested in the Complaint.

146.

Equilon admits Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 29, 2022. The allegations of Paragraph 146 of the Complaint are otherwise denied.

147.

The allegations of Paragraph 147 of the Complaint are denied.

148.

Equilon admits that the EEOC issued a determination and notice of rights on June 8, 2023. The remaining allegations of Paragraph 148 of the Complaint are denied.

149.

The allegations of Paragraph 149 of the Complaint are denied.

## PRAYER FOR RELIEF

Equilon denies paragraphs 1-8 following paragraph 149 and the "PRAYER FOR RELIEF" heading and denies that Plaintiff is entitled to any relief or recovery whatsoever from Equilon. Equilon denies that Plaintiff has been discriminated against or damaged in any way.

Except as expressly admitted herein, Equilon denies each and every allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

NOW FURTHER ANSWERING the Complaint, without admitting liability to Plaintiff's claims, Equilon states its affirmative and other defenses as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation or the equitable doctrines of laches, estoppel, waiver, acquiescence and/or ratification.

### THIRD DEFENSE

To the extent that the Complaint contains allegations or claims which exceed the scope of the charge of discrimination Plaintiff filed with the EEOC, or that Plaintiff ever pursues such allegations or claims during the course of this litigation, such allegations or claims are barred.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by her failure to exhaust statutory or administrative prerequisites.

## FIFTH DEFENSE

All employment actions which Equilon took toward Plaintiff were based on good faith, legitimate, non-discriminatory and non-retaliatory reasons.

## SIXTH DEFENSE

Any decision, act, or omission by Equilon regarding Plaintiff would have been the same in the absence of consideration of any impermissible factor, consideration of any impermissible factor being specifically denied.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the terms of the collective bargaining agreement which governed her employment with Equilon, including her failure to file or pursue grievances as to the incidents of which she complains.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff has failed or intentionally refused to take measures available to her which would have removed her from the position, unit, or work environment of which she complains.

## NINTH DEFENSE

To the extent Plaintiff alleges that any of Equilon's employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Equilon, and was undertaken without the knowledge or consent of Equilon.  Thus, Equilon is not liable for any such conduct, if it occurred.

## TENTH DEFENSE

Any alleged employment practice, policy or requirement of which Plaintiff complains was job related and consistent with business necessity.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because she was not qualified for the positions to which the claims relate.

## TWELFTH DEFENSE

Plaintiff cannot state a cause of action for retaliation because she suffered no adverse employment action, and because there is no causal relationship between any allege protected activity that she engaged in or any such action.

## THIRTEENTH DEFENSE

Plaintiff has not sustained any damages as a result of any illegal conduct on the part of Equilon. Alternatively, Plaintiff has failed to mitigate any damages she may have sustained, and any damages she is awarded are subject to applicable statutory caps.

## FOURTEENTH DEFENSE

Any difference between the pay Plaintiff received and the pay others received was based on the collective bargaining agreement, better performance, or other factors other than sex.

## FIFTEENTH DEFENSE

Plaintiff did not experience any conduct sufficiently severe or pervasive enough to alter the conditions of her employment and constitute actionable harassment. Alternatively, Plaintiff's claims are barred, in whole or in part, because reasonable care was exercised to prevent and correct promptly any harassing conduct, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities available to her or to avoid harm otherwise.

## SIXTEENTH DEFENSE

The damages Plaintiff seeks are barred to the extent that discovery may uncover after-acquired evidence that, if known during Plaintiffs' employment, would have resulted in the termination of Plaintiff's employment.

## SEVENTEENTH DEFENSE

Equilon avers that there are no grounds for an award of punitive damages in this matter because it did not act with either malice or reckless disregard of Plaintiff's rights, and it made good-faith efforts to comply with the law.

## EIGHTEENTH DEFENSE

To the extent Plaintiff is entitled to any recovery at all, Equilon is entitled to set off any compensation, payments, benefits, or other amounts Plaintiff has received since the date of Equilon's alleged illegal conduct, and Plaintiff cannot recover lost wages or benefits for any period of time in which she was unable or unavailable to work.

## RESERVATION OF DEFENSES

Equilon reserves the right to assert additional defenses, objections, and claims, specifically all of those defenses and affirmative defenses contained in Fed. R. Civ. P. 8(c) and 12(h), as discovery progresses or when it otherwise becomes appropriate during the course of this action. Equilon further reserves the right to amend its Answers as it obtains additional information through discovery or otherwise. Equilon hereby denies all allegations contained in the Complaint that were not expressly admitted herein.

## DEMAND FOR JURY TRIAL

To the extent Plaintiff is permitted to take her claims to trial, Equilon hereby demands that such claims be tried to a jury.

## REQUEST FOR ATTORNEY FEES AND DEFENSE COSTS

Equilon is entitled to an order compelling Plaintiff to reimburse it for all attorney fees, court costs, and other costs of defense pursuant to 42 U.S.C. § 2000e(5)(k), 42 U.S.C. § 12205, or as otherwise permitted by law, because this action is frivolous, groundless, and brought in bad faith.

**WHEREFORE**, Equilon prays that its answer and defenses to Plaintiff's complaint be deemed good and sufficient and that, after due proceedings are had, judgment be rendered herein in Equilon's favor and against Plaintiff, dismissing all of Plaintiff's claims with prejudice, and at Plaintiff's cost, and that Plaintiff be ordered to reimburse Equilon for all costs incurred in defending against this action, including attorneys' fees. Equilon further prays that Plaintiff be required to voluntarily dismiss improperly named defendant Shell Oil Company from this matter and for all other just and equitable relief to which Equilon may be entitled.

Respectfully submitted,

_____/s/ Thomas J. McGoey II_____
Thomas J. McGoey II (La. Bar No. 18330)
Sheri L. Corales (La. Bar No. 37643)
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
tjmcgoey@liskow.com
scorales@liskow.com

*Attorneys for Equilon Enterprises LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2023, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

_____/s/ *Thomas J. McGoey II*_____